NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACK R. FINNEGAN, | No. 19-56360 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-02110-JLS-DFM |
| v. | |
| CITY OF DANA POINT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted October 26, 2020[**]

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Jack R. Finnegan appeals pro se from the district court's order denying his motion for a preliminary injunction in his 42 U.S.C. § 1983 action challenging the validity of the sale of his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals under the *Rooker-Feldman* doctrine. *Noel v. Hall*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

341 F.3d 1148, 1154 (9th Cir. 2003).  We affirm.

The district court properly dismissed Finnegan's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it was a "de facto appeal" of a prior state court decision and Finnegan raised claims that were "inextricably intertwined" with that state court decision.  *See id.* at 1163-65 (discussing the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims, as well as requests for damages, are "inextricably intertwined" with the state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

**AFFIRMED.**